```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CARMEN J. ROMANELLI, JR., <br><br>          Plaintiff, <br><br>     v. <br><br> PATHMARK STORES, INC. and INTERNATIONAL FOOD WORKERS UNION <br><br>          Defendants. | HONORABLE JOSEPH E. IRENAS <br><br> CIVIL ACTION NO. 09-2404 (JEI/JS) <br><br> **MEMORANDUM ORDER DISCHARGING ORDER TO SHOW CAUSE** <br> **(Docket No. 3)** |

**APPEARANCES:**

CARMEN J. ROMANELLI, *pro se*
2401 Arbor Court
Mays Landing, NJ 08330

FISHER & PHILLIPS LLP
By: Wayne E. Pinkstone, Esq.
Radnor Financial Center
201 King of Prussia Road, Suite 650
Radnor, PA 19087
     Counsel for Defendant Pathmark Stores, Inc.

**IRENAS**, Senior District Judge:

     This matter having appeared before the Court upon Defendant Pathmark Stores, Inc.'s Notice of Removal; the Court having issued an Order to Show Cause why this case should not be remanded; and having reviewed Pathmark's submission in response to the Order to Show Cause, and it appearing that:

     1.  Plaintiff Carmen J. Romanelli, Jr. filed the instant suit in the Superior Court of New Jersey, Law Division, Atlantic County, (docket ATL-L-00377908) against Defendants Pathmark

Stores, Inc. ("Pathmark") and International Food Workers Union.

2.   Pathmark filed a Notice of Removal to this Court on May 20, 2009.  (Dkt. No. 1)

3.   Pursuant to 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  Although the statute refers to "'defendant or defendants,' it is well established that removal generally requires unanimity among the defendants."  *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) (citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247 (1900)).

4.   Pathmark's Notice of Removal did not indicate that Defendant International Food Workers Union joined or otherwise consented to Pathmark's Notice of Removal.  Nor did the notice identify the applicability of any exception to the rule requiring unanimity.  For those reasons, this Court issued an Order to Show Cause why this case should not be remanded to the Superior Court of New Jersey, Law Division.  (Dkt. No. 3)

5.   The Order to Show Cause directed Pathmark to file any responsive papers with the Court by June 9, 2009.  Pathmark timely filed a response on that date.  (Dkt. No. 6)

6.   The Order to Show Cause directed Plaintiff to file any

responsive papers with the Court by June 19, 2009.  Plaintiff has not filed a response.

7.  According to Pathmark's responsive papers, the consent of Defendant International Food Workers Union was not required for removal because that defendant was never served with process in this matter.[1]  Moreover, documentation provided by Pathmark indicates that Judge Nelson C. Johnson of the Superior Court of New Jersey dismissed International Food Workers Union as a defendant in this matter on May 21, 2009, for lack of prosecution.[2]  (See Pathmark Br. (Ex. C)-- Order of Hon. Nelson C. Johnson)

8.  As Pathmark correctly notes, only all served defendants must join in a notice of removal.  *N.Y. Reg'l Rail Corp. v. Bridges*, No. 06-0044, 2006 WL 1722631, at *3 (D.N.J. Jun. 20, 2006).  Plaintiff has not responded to the Order to Show Cause,

---

[1] In fact, according to Pathmark, no entity known as "International Food Workers Union" exists — Pathmark explains that Plaintiff was a member of the "United Food and Commercial Workers Union ('U.F.C.W.') Local 152."  (Pathmark Br. 2 n.1)  Assuming that Plaintiff indeed intended to name U.F.C.W. Local 152 as a defendant in this matter, U.F.C.W. Local 152 has not been served with process in this matter.  (See Pathmark Br. (Ex. A)-- Ltr. from Jeffrey R. Caccese, Esq., Counsel for U.F.C.W. Local 152, Jun. 8, 2009)

[2] The dismissal without prejudice of Defendant International Food Workers Union by Judge Johnson occurred after Pathmark filed a Notice of Removal with the Clerk of Court for the Superior Court of New Jersey, but before the removal of this matter was effectuated by the state court.  (See Pathmark Br. (Ex. B))  During that period, this Court and the Superior Court of New Jersey shared jurisdiction over this matter.  *See Boyce v. St. Paul Fire and Marine Ins. Co.*, No. 92-6525, 1993 WL 21210, at *3 (E.D. Pa. Jan. 28, 1993) ("Between the time of filing the removal petition in federal court and the fulfillment of the requirements of 28 U.S.C. § 1446(d), the state and federal courts have concurrent jurisdiction.").  Thus, the Court will direct that International Food Workers Union be terminated as a defendant in this action.

and there is no indication before the Court that Defendant International Food Workers Union was ever served with process in this matter.  Thus, removal of this matter by Pathmark was proper.

And for good cause shown;

**IT IS** on this   23rd   day of June, 2009,

**ORDERED THAT:**

1. The Order to Show Cause (Dkt. No. 3) is hereby **DISCHARGED**.

2. Defendant International Food Workers Union is hereby **TERMINATED** as a defendant in this matter.

                           s/ Joseph E. Irenas   
                           **JOSEPH E. IRENAS, S.U.S.D.J.**