```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CARMEN J. ROMANELLI, JR., | HONORABLE JOSEPH E. IRENAS |
| Plaintiff, | CIVIL ACTION NO. 09-2404 (JEI/JS) |
| v. | |
| PATHMARK STORES, INC. | **OPINION** |
| Defendant. | |

**APPEARANCES:**

CARMEN J. ROMANELLI, *pro se*
2401 Arbor Court
Mays Landing, NJ 08330

FISHER & PHILLIPS LLP
By: Wayne E. Pinkstone, Esq.
Radnor Financial Center
201 King of Prussia Road, Suite 650
Radnor, PA 19087
    Counsel for Defendant

**IRENAS**, Senior District Judge:

Presently before the Court is the unopposed Motion by Defendant Pathmark Stores, Inc. ("Pathmark") to Dismiss Plaintiff's Complaint. For the reasons that follow, the Motion will be granted.[1]

## I.

### A.

The factual recitation that follows accepts as true the facts as alleged in the Complaint. Plaintiff Carmen J.

---

[1] The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 185. Venue is proper in this Court under 28 U.S.C. § 1391(b).

Romanelli, Jr. was first employed by Pathmark in or about 1992. In 1994, Plaintiff was promoted, then demoted within a week. In approximately 2002, Plaintiff was promoted from a part-time employee to a full-time employee. However, according to Plaintiff, he was earning less income after that promotion than before it.

At an unspecified point thereafter, Plaintiff demanded that Pathmark compensate him financially for what he perceived to be prior underpayment of his salary. Pathmark failed to do so, and thus Plaintiff voluntarily left his position with the company. According to Plaintiff, his departure from Pathmark was motivated both by economic considerations and a medical condition.

Plaintiff has been unemployed since September, 2007,[2] and is experiencing financial difficulties. His financial problems include extensive credit card debt and a large mortgage.

**B.**

Plaintiff initiated the instant action by filing a Complaint in the Superior Court of New Jersey. Pathmark removed the case to this Court, stating that it arises under the Labor Management Relations Act.

In the Complaint, Plaintiff alleges that Pathmark owes him compensation for paying him less than was required under the

---

[2] It is unclear from the Complaint whether Plaintiff separated from Pathmark in September, 2007, or if he held employment with another employer subsequent to leaving his position at Pathmark.

terms of his employment contract.  In addition, Plaintiff alleges he was a disfavored employee.[3]  Plaintiff seeks an award of damages and reinstatement as an employee at a grocery store operated by Defendant.

Pathmark now moves to dismiss the Complaint for failure to state a claim.  In addition, Pathmark contends that Plaintiff's action is barred by the statute of limitations and the doctrines of res judicata and collateral estoppel.

Pathmark's motion to dismiss was filed on May 28, 2009.  Plaintiff's opposition to Pathmark's motion was due on June 22, 2009.  At present, no opposition has been received from Plaintiff, nor has Plaintiff requested an extension of time to file opposition papers.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007); see also Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all allegations in

---

[3] The cover sheet attached to Plaintiff's state court complaint indicates his belief that Pathmark wished to "get rid of [him]" because of his medical condition.  However, no employment discrimination theory is advanced in the body of Plaintiff's Complaint.

3

the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.

When a plaintiff is proceeding *pro se*, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, No. 07-4140, --- F.3d ----, 2009 WL 2032118, at *1 (3d Cir. Jul. 15, 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n.6 (3d Cir. 1997)). However, "'if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it,' the court must dismiss it pursuant to Rule 8(a)." *Teklewolde v. Onkyo USA Corp.*, No. 06-1098, 2008 WL 623035, at *3 (D.N.J. Mar. 6, 2008) (quoting *Wright v. Castle Point Mortgage*, No. 05-4851, 2006 WL 1468678, at *2 (D.N.J. May 24, 2006)).

### III.

The instant Complaint lacks sufficient facts to indicate that Plaintiff's right to relief is anything more than speculative. In addition, the style of the Complaint is such

4

that Pathmark would have difficulty responding to it.  For those reasons, the Court will grant Pathmark's motion to dismiss,[4] but afford Plaintiff seventy-five days to file an amended complaint setting forth his allegations with additional detail and clarity.[5]

**IV.**

For the reasons stated above, Pathmark's Motion to Dismiss will be granted.  The Court will issue an appropriate Order.


Dated: July  22nd , 2009

                                   s/ Joseph E. Irenas
                                  **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[4] Pathmark urges the Court to dismiss Plaintiff's Complaint with prejudice on statute of limitations grounds, or pursuant to the doctrines of res judicata and collateral estoppel.  Under Third Circuit authority, dismissal on statute of limitations grounds at the 12(b)(6) stage is proper only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).  In other words, for dismissal to be appropriate, the time bar must be "apparent on the face of the complaint[.]" *Id.*  Here, it is not clear when the pertinent events occurred.  It follows that there is no facially apparent time bar to Plaintiff's allegations.
     As to res judicata and collateral estoppel, Pathmark contends that Plaintiff's current action is barred by the disposition of *Romanelli v. Pathmark Stores, Inc.*, No. 05-1428, Dkt. No. 9 (D.N.J. Nov. 15, 2005) (Simandle, J.) (memorandum and order granting Pathmark's unopposed motion for summary judgment).  Indeed, the Complaint before Judge Simandle and the Complaint in the instant case are similar.  At the same time, the unclear nature of the current Complaint precludes a conclusive determination as to whether there is an identity of causes of action and/or issues between the cases as would wholly bar Plaintiff's present action.

[5] On the civil cover sheet accompanying his state court complaint, Plaintiff wrote that he is seeking an attorney.  Plaintiff may wish to inquire about legal assistance by contacting the Atlantic County Bar Association.