UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMEN J. ROMANELLI, JR., <br><br> Plaintiff, <br><br> v. <br><br> PATHMARK STORES, INC., <br><br> Defendant. | HONORABLE JOSEPH E. IRENAS <br><br> CIVIL ACTION NO. 09-2404 (JEI/JS) <br><br> **OPINION** |

**APPEARANCES:**

CARMEN J. ROMANELLI, Jr., *pro se*
507 Meadowbrook Drive
Mays Landing, NJ 08330

FISHER & PHILLIPS LLP
By: Wayne E. Pinkstone, Esq.
Radnor Financial Center
201 King of Prussia Road, Suite 650
Radnor, PA 19087
    Counsel for Defendant

**IRENAS**, Senior District Judge:

This dispute arises out of Plaintiff Carmen J. Romanelli, Jr.'s ("Romanelli") allegations concerning the wrongful conduct of his former employer, Defendant Pathmark Stores, Inc. ("Pathmark"), during Romanelli's employment. This Court previously dismissed Romanelli's *pro se* complaint, permitting Romanelli to amend his pleading. Romanelli, continuing to proceed *pro se*,[1] then filed an Amended Complaint. Pathmark

---

[1] In its opinion dismissing the original complaint, this Court noted that Romanelli had requested an attorney and suggested that he contact the Atlantic City Bar Counsel. *See Romanelli v. Pathmark Stores, Inc.,* No. 09-2404, 2009 WL 2175766, at *2 n.5 (D.N.J. Jul. 22, 2009).

presently moves to dismiss Romanelli's Amended Complaint with prejudice.  The deadline for Romanelli's opposition to Pathmark's motion has passed, but Romanelli has not submitted opposition papers, nor requested an extension of time for such papers.  However, Romanelli has filed letters with the Court subsequent to the filing of Pathmark's Motion to Dismiss the Amended Complaint.[2]  For the reasons that follow, the Motion will be granted.[3]  To the extent that Romanelli's correspondence with the court can be construed as a Motion for the Appointment of an Attorney, the Motion will be denied.  The Court will issue an appropriate Order.

## I.

### A.

The factual recitation that follows accepts as true the

---

[2] The first letter informed the Court of a change in Romanelli's address, the second letter requested an "stay of exection [sic]," reiterated assertions made in the Amended Complaint, requested the Court appoint Romanelli an attorney, and threatened to sue the Court; the third letter repeated Romanelli's request for an attorney.

[3] Romanelli makes allegations concerning his pay and benefits which are governed by a collective bargaining agreement between Pathmark and U.F.C.W. Local 1358.  Further, Romanelli makes specific allegations regarding his entitlements under the collective bargaining agreement.  Accordingly, this Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act.  29 U.S.C. § 185.  "Section 301 of the LMRA provides federal jurisdiction for suits alleging violations of contracts between an employer and a labor organization representing employees.  It is well established that a suit brought by an individual employee against his employer for breach of a [collective bargaining agreement] is among the class of cases that must be brought under § 301 and be resolved by reference to federal law." *Cabibbo v. Parsons Inspection & Maint. Corp.*, No. 09-3213, 2009 WL 3074731, at *3 (D.N.J. Sept. 23, 2009); *see also, Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004).  Venue is proper in this Court under 28 U.S.C. § 1391(b).

facts as alleged in the Amended Complaint.  Pathmark hired
Romanelli on April 12, 1992.  In 1994, Romanelli was promoted,
but then demoted after inquiring about his pay.[4]  Romanelli also
alleges that "over 7 ½ years ago",[5] he was promoted from part-
time work to full-time work, but received less pay after that
promotion than before it.  (Am. Compl. at 1.)  Romanelli asserts
that Pathmark violated the collective bargaining agreement that
governed his employment[6] by paying him a smaller amount after his
promotion, because the agreement stated that an employee could
not make "less money for the same hours working at the same
position."  (*Id.*)  Additionally, Romanelli claims that Pathmark
sent him a purported copies of the agreement, but actually sent
him different versions of the agreement from the one he had
originally seen.  (*Id.* at 2.)

Romanelli asserts that Pathmark "had [him] out of work since
August 2007," but the circumstances surrounding the end of
Romanelli's employment with Pathmark are unclear.  (*Id.* at 1.)
In August 2007, Romanelli informed his store manager that he
wished to return to his former position "being a check" because
he was overworked and consequently had to wear "urinary pads."

---

[4]  Romanelli clarifies in his letter filed November 13, 2009, and his
original pleading that he was demoted within a week of his promotion.

[5]  Romanelli does not provide further specificity as to when the
promotion to full-time work occurred.

[6]  In his filings, Romanelli refers to the collective bargaining
agreement only as his "contract."

(*Id.*)  It is possible that this conversation was related to Romanelli's dismissal.  As Romanelli had been wearing urinary pads for over eight years, it is not evident what motivated the timing of this particular conversation.[7]

Romanelli alleges that because Pathmark paid him less than deserved under the collective bargaining agreement, he has experienced financial difficulty, including having lost assets and incurred interest payments, and is in danger of losing his property.  Romanelli seeks the following relief: "a sizeable settlement" and reinstatement as an employee in a SuperFresh store.[8] (*Id.* at 1-2.)

**B.**

Pathmark now moves to dismiss with prejudice the Amended Complaint for failure to state a claim, arguing that the Amended Complaint is generally insufficient and that Romanelli relies on language that he admits is not included the collective bargaining agreement.  In addition, Pathmark contends that Romanelli's action is barred by the statute of limitations and the doctrines of res judicata and collateral estoppel.

---

[7]  Romanelli was also granted a union meeting.  Although the timing and the subject of the meeting are not precisely explained in Romanelli's pleadings, it appears the meeting was related to Romanelli's wearing of urinary pads.  (*See* Am. Compl. at 1.)

[8]  Romanelli asserts that Pathmark has been acquired by SuperFresh and so would like to be placed at a SuperFresh.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007); see also Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

When a plaintiff is proceeding *pro se*, "the court has an obligation to construe the complaint liberally."  *Giles v.*

*Kearney*, 571 F.3d 318, 322 (3d Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *Gibbs v. Roman*, 116 F.3d 83, 86 n.6 (3d Cir. 1997)).  However, "notwithstanding this generous standard, a *pro se* party cannot rely on bald assertions or legal conclusions to survive a motion to dismiss." *McGowan v. New Jersey*, No. 08-5841, 2009 WL 1687663, at *3 (D.N.J. Jun. 16, 2009).

## III.

### A.

The Amended Complaint does not contain allegations of fact sufficient to show that the legal claims are plausible.  *See Phillips*, 515 F.3d at 234.  The Amended Complaint makes substantively the same allegations that this Court deemed insufficient in the original complaint.  While the Amended Complaint does include excerpts of the collective bargaining agreement that were not attached to the original complaint, these attachments do not serve to elucidate the pleadings.  Moreover, Romanelli's notes on these excerpts may contradict an assertion made in the Amended Complaint.  Romanelli claims that the collective bargaining agreement stated that an employee "could not make less money for the same hours on the same job," but he writes on an excerpt that such a phrase is "not in this contract."  (*See* Am. Compl. Ex.)  Ultimately, it is unclear

6

whether Romanelli is arguing that the phrase is not in the collective bargaining agreement at all, or whether it is not in his particular copy.

The Amended Complaint has not clarified the sequence of events or their relative importance to Romanelli's claim.  It remains unclear which incidents give rise to Romanelli's claim and when the pertinent events occurred.  Even construing Romanelli's claim liberally, the plaintiff has not plead facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 129 S.Ct. at 1949.

For those reasons, the Court will grant Pathmark's Motion to Dismiss the Amended Complaint with prejudice,[9]

**B.**

To the extent that Romanelli's letters to the Court constitute a request for a court-appointed attorney, the Court notes that in the previous case Romanelli brought arising out of similar facts, Romanelli made a formal application for a court-

---

[9]   In a previous opinion, we noted that Romanelli's claim potentially suffered from statute of limitation, res judicata, and collateral estoppel problems.  *Romanelli*, No. 09-2404, 2009 WL 2175766, at *2 n.4.  Despite this invitation to show that the instant action was brought within the statute of limitations, the Amended Complaint has not addressed the issue, nor clarified the timing of events giving rise to Romanelli's claims.  Further, the Amended Complaint does not offer any basis that allows this Court to conclude that the causes of action and/or issues in this case are distinct from those in *Romanelli v. Pathmark Stores, Inc.,* No. 05-1428, Dkt. No. 9 (D.N.J. Nov. 15, 2005)(Simandle, J.) and should not be barred under the doctrines of res judicata and collateral estoppel.

appointed attorney.  His application was denied.  *See Romanelli
v. Pathmark Stores, Inc.*, No. 05-1428, Dkt. No.8 (D.N.J. Sept 12,
2005)(Donio, M.J.) (order denying request for appointment of
counsel).  In her order denying Romanelli's application,
Magistrate Judge Donio stated that Romanelli had contacted
multiple attorneys, but they had refused to represent him.  She
further found that Romanelli had not sought or obtained
permission to proceed *in forma pauperis*, and so was not entitled
to court-appointed counsel under 28 U.S.C. § 1915.  Similarly, in
the instant case, Romanelli has not asserted that he cannot
afford an attorney or requested permission to proceed *in forma
pauperis*.  To the contrary, in his letter to the court dated
November 13, 2009, (Docket No. 14), he has indicated his
willingness to pay for legal counsel.  The Court sees no reason
to disturb Magistrate Judge Donio's previous decision.
Furthermore, Romanelli's failure to articulate a remotely
coherent claim suggests against a court-ordered appointment.
Accordingly, to the extent Romanelli's papers can be construed as
a motion for the appointment of an attorney, the motion is
denied.

**IV.**

     For the reasons stated above, Pathmark's Motion to Dismiss
the Amended Complaint will be granted.  Romanelli's Amended
Complaint shall be dismissed with prejudice.  To the extent that

Romanelli's correspondence with the court can be construed as a Motion for the Appointment of an Attorney, the Motion will be denied.  The Court will issue an appropriate Order.

Dated: December 2nd, 2009

      s/ Joseph E. Irenas

**JOSEPH E. IRENAS, S.U.S.D.J.**